IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TEXAS MADE TRAILERS, L.L.C.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | Civil Action No. 4:17-cv-1357 |
| | § | |
| **JAMES A. BRAY**, doing business as Texas Pride Trailers, and **TEXAS PRIDE TRAILERS, INC.,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, **Texas Made Trailers, L.L.C.**, and complains of Defendants, **James A. Bray**, doing business as Texas Pride Trailers, and **Texas Pride Trailers, Inc.**, and respectfully alleges as follows:

### A. Jurisdiction & Venue

1. The Court has original jurisdiction over this civil action under 28 U.S.C. § 1338, Patents, Plant Variety Protection, Copyrights, Mask Works, Designs, Trademarks, & Unfair Competition, because the suit arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

2. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims against Defendants for trespass to real property and trespass to personalty because Plaintiff's claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

3. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(1) because Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this district.

### B. Parties

4. Plaintiff is a domestic limited liability company with its principal place of business located at 1097 Highway 190 East, Huntsville, Walker County, Texas 77340.

5. Mr. Bray is an individual residing in Madisonville, Madison County, Texas. Texas Pride Trailers is an assumed name of Mr. Bray, registered with the Madison County Clerk on March 7, 2017. This defendant may be served with process at his usual place of business, 1241 Interstate 45 North, Madisonville, Madison County, Texas 77864.

6. Texas Pride Trailers, Inc. is a domestic corporation with its principal place of business located at 1241 Interstate 45 North, Madisonville, Madison County, Texas 77864. This defendant may be served with process through its registered agent, Mr. Bray, at its registered address, 1241 Interstate 45 North, Madisonville, Madison County, Texas 77864.

### C. Facts

7. Defendants engaged in a bizarre course of conduct necessitating this action. To set the stage, Plaintiff manufactures and sells trailers at wholesale. Defendants also manufacture trailers, but sell them at retail and wholesale. Plaintiff is the owner of trademarks, and has continuously used the trademarks since January 1, 2015 for the manufacture and sale of trailers.

8. Mr. Bray is the owner and director of Texas Pride Trailers, Inc., as well as the ultimate supervisor of all employees at Texas Pride Trailers, Inc. Mr. Bray caused the

formation of Texas Pride Trailers, Inc. on April 30, 2015. Texas Pride Trailer, Inc.'s corporate charter was forfeited on January 27, 2017 and its corporate privileges were forfeited at least 120 days prior to the forfeiture of the corporate charter.

9. Prior to the formation of Texas Pride Trailers, Inc., Mr. Bray registered Texas Pride Trailers as an assumed name on August 16, 2006. This registration expired on August 16, 2016. And, on March 7, 2017, Mr. Bray registered Texas Pride Trailers as his assumed name.

10. With that prologue, Texas Pride Trailers, Inc. brought a complaint against Plaintiff, Derek Davis and Devin Dewayne Davis (the Davis brothers) complaining of trademark infringement and trade secret misappropriation in Civil Action No. 4:16-cv-00473, *Texas Pride Trailers, Inc. v. Texas Made Trailers, L.L.C., et al.*, in the United States District Court for the Southern District of Texas, Houston Division.

11. Texas Pride Trailers, Inc. filed its complaint in Civil Action No. 4:16-cv-00473 on February 23, 2016. Docket call is set for July 28, 2017. In that action, the deadline to add new parties and amend pleadings passed on June 30, 2016 and fact discovery closed on August 19, 2016.

12. Texas Pride Trailers, Inc. alleges in Civil Action No. 4:16-cv-00473 that Plaintiff's trademark infringes upon Texas Pride Trailers, Inc.'s trademarks and that the Davis brothers misappropriated trade secrets related to the manufacture of trailers. Texas Pride Trailers, Inc. alleged that it is in the business of manufacturing and selling trailers since 2006. The trademark litigation in that action is distinct from this action because the trademarks made the subject of that action are different than those made the subject of this action.

13. Texas Pride Trailers, Inc. asserts in Civil Action No. 4:16-cv-00473 that the Davis brothers and Plaintiff engaged in unfair competition with Texas Pride Trailers, Inc. when Plaintiff started a competing business in or around January 1, 2015. Texas Pride Trailers, Inc. complains that Plaintiff and the Davis brothers stole trailer orders and trailer business "trade-secrets," and utilized infringing trademarks to steal business.

14. While that action continued, Defendants engaged in increasingly bizarre conduct. After discovery, pleadings and party deadlines all closed in that action, on September 29, 2016, Mr. Bray sent to Devin Dewayne Davis a photograph of Mr. Bray's wife holding a sign containing a logo identical to Plaintiff's trademark in all respects, except that instead of "Texas Made Trailers, L.L.C.," Mr. Bray used "Texan Made Trailers, L.L.C." The logo and name are identical except "Texan" is substituted for "Texas."

15. Then, on October 20, 2016, Mr. Bray filed sworn 2 petitions in Madison County, Texas making trade secret misappropriation allegations virtually identical to the trade secret allegations made in Civil Action No. 4:16-cv-00473.

16. Specifically, Mr. Bray filed petitions in (a) Cause No. 16-14535, *Bray v. Davis¸* in the 12th Judicial District Court, Madison County, Texas, and (b) Cause No. 16-14536, *Bray v. Davis¸* in the 278th Judicial District Court, Madison County, Texas. In those petitions, Mr. Bray claims that he, not Texas Pride Trailers, Inc., owns the trade secrets claimed to be misappropriated in Civil Action No. 4:16-cv-00473.

17. Mr. Bray's petitions created confusion as Plaintiff now found itself defending 3 lawsuits (2 in Madison County and 1 in the Southern District of Texas) brought by different plaintiffs (Texas Pride Trailers, Inc. and Mr. Bray, doing business as Texas Pride Trailers).

18. Plaintiff and the Davis Brothers filed summary judgment motions presenting summary judgment evidence establishing its right to the dismissal of all claims against them and advising the respective courts of the conflicting assertions made by Mr. Bray and Texas Pride Trailers, Inc. in the various suits.

19. Confoundingly, Texas Pride Trailers, Inc. responded to news of the competing suits by alleging in a pleading before the Southern District of Texas that Mr. Bray assigned all claims to it. And, Mr. Bray argued in pleadings in Madison County that Plaintiff and the Davis brothers presented no summary judgment evidence of the ownership of the claims, despite the pleadings and deposition testimony by Mr. Bray in Civil Action No. 4:16-cv-00473.

20. To resolve the matter, on April 13, 2017 the 278th Judicial District Court of Madison County directed that Mr. Bray appear on May 1, 2017 and show cause as to who owned the trade secret misappropriation claims. However, before that hearing, Mr. Bray nonsuited the Madison County suits, but without prejudice.

21. Now, back to the earlier mention of the "Texan Made Trailers, L.L.C." photograph Mr. Bray sent to Devin Dewayne Davis, Plaintiff first considered the photograph to be nothing more than passing and aberrant behavior. But then, on April 13, 2017, Plaintiff's representatives discovered that the photograph presaged the escalation of Defendants' misconduct from just filing vexatious lawsuits.

22. Plaintiff maintains a yard at its principal place of business where its completed trailers are stored prior to sale. On the morning of April 13, 2017, Plaintiff's representatives discovered that someone entered the yard and plastered the "Texan Made Trailers, L.L.C." logo and name all over Plaintiff's trailers.

23. This act of vandalism led Plaintiff to discover a facebook page maintained by Mr. Bray and advertising "Texan Made Trailers, L.L.C." trailers since September 28, 2016. The facebook page reports the sale of multiple "Texan Made Trailers, L.L.C." trailers in 2017. And, the trailers imaged on the facebook site appear identical to the trailers manufactured by Plaintiff.

24. Correspondence between a representative of Plaintiff and Mr. Bray made it clear that Mr. Bray is the person behind "Texan Made Trailers, L.L.C." trailers. On information and belief, Mr. Bray and/or representatives of him and Texas Pride Trailers, Inc. entered Plaintiff's trailer yard on April 12 or 13, 2017 and placed "Texan Made Trailers, L.L.C." logos on the trailers.

25. Now, Plaintiff is the owner of the trademarks (a) "Tough as Texas," United States Patent and Trademark Office ("USPTO") Serial No. 86624656, Filing Date: May 11, 2015, published for opposition on March 22, 2016 and registered on June 7, 2016, and (b) the image of the words "Texas Made Trailers" imposed upon the outline of the State of Texas, USPTO Serial No. 86670813, Filing Date: June 23, 2015, published for opposition on February 23, 2016 and registered on May 10, 2016. These registrations are valid and subsisting.

26. Plaintiff's registered trademarks (USPTO Serial Nos. 86670813 and 86624656) follow.

|  | Tough as Texas |
|---|---|

27. Plaintiff started using, and has continuously used, the trademark registered as USPTO Serial No. 86670813 on January 1, 2015. Plaintiff has continuously used its registered trademarks (USPTO Serial Nos. 86670813 and 86624656) since their registration with the USPTO, and in both cases commenced using the trademarks before September 28, 2016. Below are photographs of 2 of Plaintiff's trailers affixed with Plaintiff's trademarks demonstrating the trademarks and how they are used by Plaintiffs.




28. The trademarks being used by Defendants since September 28, 2016 follow.



29. Below are photographs of 2 of Defendants' trailers advertised and sold on Defendants' facebook page.



30. Plaintiff's trademarks (USPTO Serial Nos. 86670813 and 86624656) are inherently distinctive, as they neither serve as a name for the trailers themselves nor describe any quality, characteristic, or ingredient of the trailers.

31. Plaintiff has used and promoted its trademarks (USPTO Serial Nos. 86670813 and 86624656) in internet, brochures and print advertising, and on the trailers

8

themselves. Specifically, Plaintiff uses and promotes its trademarks at its website, www.texasmadetrailers.com. Plaintiff also uses and promotes its trademark (USPTO Serial No. 86670813) by affixing it to its trailers.

32. Plaintiff uses and promotes its trademarks (USPTO Serial Nos. 86670813 and 86624656) in sales brochures/catalogs utilized to sell trailers wholesale to dealers. Plaintiff also used and promoted its trademarks (USPTO Serial Nos. 86670813 and 86624656) in print advertising.

33. As a result of extensive use and promotion of this mark, Plaintiff's trademarks (USPTO Serial Nos. 86670813 and 86624656) have acquired a favorable reputation to consumers as an identifier and symbol of Plaintiff and its products, services, and goodwill. Accordingly, the trademarks (USPTO Serial Nos. 86670813 and 86624656) are strong and entitled to broad protection.

34. Plaintiff continues to invest substantial sums in promoting its trailers offered under the trademarks (USPTO Serial Nos. 86670813 and 86624656). Defendants are aware of Plaintiff's trademarks because of prior litigation, during which Plaintiff disclosed the registration of the trademarks.

35. Despite the limitless other marks that Defendants could have chosen, they wrongfully appropriated marks identical to Plaintiff's trademarks (USPTO Serial Nos. 86670813 and 86624656), without Plaintiff's permission. Defendants' wrongful activities are willful because Defendants chose a trademark identical to Plaintiff's trademarks (USPTO Serial Nos. 86670813 and 86624656), even though they are aware of Plaintiff's registration and use of the trademarks.

36. In fact, Defendants utilized different trademarks for their business prior to September 28, 2016, and Texas Pride Trailers, Inc. alleges in Civil Action No. 4:16-cv-00473 that Plaintiff infringed upon the trademarks. As a defense in that action, Plaintiff asserted the registration of Plaintiff's trademarks (USPTO Serial Nos. 86670813 and 86624656) and prior use of such trademarks.

37. Plaintiff asserted as its counterclaim in Civil Action No. 4:16-cv-00473 that Texas Pride Trailers, Inc.'s trademarks infringed upon Plaintiff's trademarks. Texas Pride Trailers, Inc.'s alleged trademarks made the subject of Civil Action No. 4:16-cv-00473 follow.

| | |
|---|---|
| [TP logo in Texas shape] | *Texas Made, Texas Tough, TEXAS PRIDE!* |
| [TP logo in Texas shape with flag] | |

38. Defendants' use of Plaintiff's trademarks for the sale of trailers is causing significant injury to Plaintiff. Specifically, Plaintiff focuses on the wholesale of trailers to dealers, who, in turn, retail the trailers to the public. Defendants sell to dealers at wholesale and retail to the public directly.

39. Defendants' tactics described above injure Plaintiff because Defendants are going directly to the retail public and around Plaintiff's dealers. This means that the public

is being led to believe that they are buying Plaintiff's trailers direct from Defendants as manufactures, instead of through Plaintiff's dealers. And, Plaintiff, as a wholesaler, is not directly in communication with the public and, thus, unable to directly counter Defendants' tactics.

40. Defendants' "direct sale" of trailers damages Plaintiff's relationship with Plaintiff's dealers as the dealers are now forced to compete with Defendants for what the public will perceive as identical trailers. The public is led to falsely believe that it can choose to either buy through a dealer or directly from the manufacturer.

41. Finally, below are images of Plaintiff's trailers and a door at Plaintiff's yard after being vandalized the night of April 12 or early morning of April 13.






42. The above reflects Defendants' increasingly bizarre conduct necessitating this action and Plaintiff's new claims against Defendants arising after the passage of discovery and pleadings deadlines in Civil Action No. 4:16-cv-00473.

43. Following the expiration of discovery and pleadings deadlines in Civil Action No. 4:16-cv-00473, Defendants launched a new line of trailers, designed to appear the same as Plaintiff's trailers with marks identical to Plaintiff's. To add insult to these injuries, Defendants trespassed to and vandalized Plaintiff's real and personal property, defacing them by affixing "Texan Made Trailers, L.L.C." logos to Plaintiff's trailers.

44. Defendants are jointly and severally liable for all of the above described conduct because, regardless of whether Texas Pride Trailers, Inc. or Mr. Bray is filing lawsuits, using the trademarks or trespassing and vandalizing property, the corporate charter of Texas Pride Trailers, Inc. is revoked, making Mr. Bray, as the director and officer of the company personally liable for its actions.

### D. Count 1 – Trademark Infringement Under the Lanham Act

45. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

46. Defendants' unauthorized use of Plaintiff's trademarks (USPTO Serial Nos. 86670813 and 86624656) as marks falsely indicate to consumers that Defendants' trailers originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with Plaintiff's trailers.

47. Defendants' unauthorized use of Plaintiff's trademarks (USPTO Serial Nos. 86670813 and 86624656) in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendants with Plaintiff.

48. Defendant's actions, as described above, constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114(1).

### E. Count 2 – Claim for Unfair Competition Under the Lanham Act

49. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

50. Additionally, and/or in the alternative, Defendants' actions, as described above, constitute unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a).

### F. Count 3 – Common-Law Unfair Competition

51. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

52. Additionally, and/or in the alternative, Defendants' acts, as described above, constitute unfair competition under the common law of the State of Texas.

### G. Count 4 – Request for Preliminary Injunction

53. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

54. Plaintiff seeks to enjoin Defendants and their agents and representatives from using the trademarks (see Paragraph 29 above) on Defendants' trailers during this suit because this activity infringes upon Plaintiff's trademarks (USPTO Serial Nos. 86670813 and 86624656).

55. There is a substantial likelihood that plaintiff will prevail on the merits; there is no doubt that Plaintiff commenced use of the trademarks prior to Defendants' use and there is no doubt that Defendants' use of the marks is malicious and intended to confuse and deceive the public.

56. If the Court does not grant a preliminary injunction, Defendants will continue their activities that infringe Plaintiff's trademarks. Defendants' conduct described above reflects complete disregard for the judicial system and intent to interfere with Plaintiff's business.

57. Plaintiff will likely suffer irreparable injury if the Court does not enjoin Defendants from infringing on Plaintiff's trademarks because Plaintiff's relationship with dealers is being damaged and Plaintiff's trademark will suffer from dilution.

58. Defendants will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction. Defendants manufacture and sell trailers under different marks already, despite their new use of Plaintiff's trademarks.

59. Issuance of a preliminary injunction would not adversely affect the public interest. There exists no public need to allow Defendants to manufacture and sell trailers under Plaintiff's trademarks.

60. Plaintiff asks the Court to set this request for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against Defendants.

### H. Count 5 – Damages

61. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

62. As a direct and proximate result of Defendants' conduct described in Counts 1 through 4 above, Plaintiff suffered the following damages:

    a. Actual damages; and

    b. Enhanced damages for willful infringement.

63. Defendants knew that their unauthorized use of a mark confusingly similar to Plaintiff's would result in a benefit to Defendants.

64. Defendants' unauthorized use of Plaintiff's trademarks has unjustly enriched Defendants at the expense of Plaintiff's reputation and goodwill.

### I. Count 6 – Attorneys' Fees

65. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

66. This is an exceptional case, and Plaintiff is entitled to an award of attorney fees under 15 U.S.C. §1117(a). Defendants' course of conduct establishes trademark infringement is malicious, fraudulent, deliberate, or willful.

### J. Count 7 – Trespass to Real Property

67. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

68. At all material times, Plaintiff had the lawful right to possess the real property located at 1097 Highway 190 East, Huntsville, Walker County, Texas 77340. On information and belief, Defendants entered Plaintiff's land and the entry was physical, intentional, voluntary and unauthorized by Plaintiff.

69. Defendants' trespass caused injury to Plaintiff resulting in actual damage to a door of Plaintiff's premises.

70. Plaintiff's injury resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Section 41.003(a) of the Texas Civil Practice & Remedies Code.

### K. Count 8 – Trespass to Personalty

71. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs with the same force and effect as if the same were more fully set forth at length herein.

72. On information and belief, by vandalizing Plaintiff's trailers, Defendants, with or without the use of force, unlawfully injured Plaintiff's personal property. Defendants intended the injury to Plaintiff's property.

73. Plaintiff's injury resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Section 41.003(a) of the Texas Civil Practice & Remedies Code.

### L. Conditions Precedent

74. All conditions precedent have been performed or have occurred.

### M. Respondeat Superior

75. At the time of the incident made the basis of this suit, Defendants' agents, servants and employees were in fact Defendants' agents, servants and employees, and acting within the scope of their employment and authority as Defendants' agents, servants and employees.

### N. Jury Demand

76. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues.

### O. Prayer

WHEREFORE, Plaintiff respectfully request that Defendants be cited to appear and answer, and that on final trial, Plaintiff have:

a. Judgment that Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from the following:

   (1) Using the Plaintiff's trademarks, or any other confusingly similar designation, in connection with the promotion, advertising, or offering of trailers;

   (2) Competing unfairly with Plaintiff in any manner, including unlawfully adopting or infringing on Plaintiff's trademarks or adopting or using any other marks or designations that are confusingly similar to Plaintiff's trademarks; and

   (3) Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in any of the activities referred to in subparagraphs (1) and (2) above.

b. Judgment that Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference Plaintiff's trademarks or any other confusingly or substantially similar mark, and all materials or articles used for making or reproducing the same, as provided by 15 U.S.C. §1118;

c. Judgment that Defendants file with the Court and serve on Plaintiff, within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath stating in detail the manner and form in which defendant has complied with the provisions of subparagraphs (a) and (b) above;

d. Judgment against Defendants awarding Plaintiff economic damages and all damages it has sustained as a result of Defendants' infringement and unfair competition;

e. Judgment against Defendants awarding Plaintiff treble damages under 15 U.S.C. §1117(b);

f. An accounting to determine Defendants' profits resulting from their infringement and unfair competition and that the profits be paid over to Plaintiff, increased as the Court determines is appropriate to the circumstances of this case;

g. A declaration that this case an exceptional case and judgment against Defendants awarding Plaintiff reasonable attorneys' fees for prosecuting this suit under 15 U.S.C. §1117(a);

 h. Judgment against Defendants awarding Plaintiff exemplary damages;

 i. Judgment against Defendants awarding Plaintiff costs of this suit and prejudgment and postjudgment interest; and

 j. Plaintiff have all other relief the Court deems appropriate.

Respectfully submitted,

**NICHAMOFF LAW, P.C.**

/s/ Seth A. Nichamoff
_____

Seth A. Nichamoff
State Bar No. 24027568
2444 Times Boulevard, Suite 270
Houston, Texas 77005
(713) 503-6706 Telephone
(713) 360-7497 Facsimile
seth@nichamofflaw.com

**ATTORNEYS FOR PLAINTIFF**